## FOURTH DEPARTMENT, DECEMBER, 1967

### (December 7, 1967)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SERAFINO GATTI, Appellant.— Judgment unanimously affirmed. Memorandum: This is an appeal from a judgment of conviction of attempted grand larceny, second degree, predicated upon defendant's plea of guilty following an order of County Court denying defendant's motion to suppress certain evidence alleged to be incident to an unlawful search and seizure. From a review of the evidence adduced upon the hearing held pursuant to the provisions of section 813-c of the Code of Criminal Procedure it appears that law enforcement officers having premises occupied by the defendant under surveillance while engaged in an investigation of a burglary observed flames and smoke in the interior of the premises. A few minutes after their initial observation and after calling the fire department, the defendant and another person emerged coughing, as smoke billowed out the opened door. The officers went in, one with a fire extinguisher, observed the dense smoke, papers and boxes burning, and attempted to extinguish the flames. While so engaged they observed various cash boxes, papers and an open safe they identified with the burglary they were investigating. The defendant, whom they had arrested for arson upon his emerging from the premises, was charged with burglary, and following the issuance of a search warrant the evidence sought to be suppressed was seized. The search warrant

was later vacated. The functions of law enforcement officers are not narrowly restricted to criminal law enforcement, and as guardians of the public peace and safety they are equally under a duty to protect life and property by responding to a fire emergency readily apparent to them. While the entry into the premises was nonconsensual and without a valid search warrant, the conflagration within the premises imposed a duty on the officers not only to enter and investigate, but to take all steps reasonably necessary to alleviate the danger to the public safety. Once the lawful entry was effectuated they were privileged to seize whatever evidence of crime was exposed to their view. (See *People* v. *Gallmon*, 19 N Y 2d 389.) (Appeal from judgment of Erie County Court convicting defendant of attempted grand larceny second degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.